**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Linda Shosie, ) | |
|     Plaintiff, ) | No. CV 15-196-TUC-CKJ |
| vs. ) | |
| ) | **ORDER** |
| City of Tucson, et al., ) | |
|     Defendant. ) | |

Pending before the Court is the Motion to Dismiss for Lack of Jurisdiction (Doc. 7) filed by the United States on behalf of federal defendants.

I.  *Procedural History*

Plaintiff Linda Shosie ("Shosie") filed a pro se Complaint in the Superior Court for the State of Arizona in Pima County alleging Defendants contaminated the groundwater supply and Shosie's body with the chemical solvent trichloro-ethylene (TCE) causing bodily injury (Doc. 1-3). In her original Complaint, Shosie alleged claims of nuisance, trespass, negligence, strict liability, and intentional torts (Doc. 1-3 at pp. 7-8) against the City of Tucson, the Tucson Airport Authority, the U.S. Air Force, Raytheon Company, Air Force Plant 44, Arizona, the U.S. Environmental Protection Agency, and the Arizona Department of Environmental Quality. After the filing of the Complaint, the federal defendant properly filed a notice removal of the action from the Superior Court of Arizona, Pima County, to the

1  U.S. District Court, District of Arizona pursuant to 28 U.S.C. §§ 1442(a) (1) and 1446.[1]
2  Federal defendants also filed a Motion to Dismiss for Lack of Jurisdiction (Doc. 5).

3  On July 21, 2015, Shosie filed an Amended Complaint. The Amended Complaint
4  alleges the same causes of action, but alleges the conduct was committed by the City of
5  Tucson, Pima County, the Tucson Airport Authority, the U.S. Air Force, the Aeronautical
6  System Center, Wright Patterson, and the United States. The Court will refer to the federal
7  defendants as "federal defendants" or "the United States."

8  On August 10, 2015, the United States filed a Renewed Motion to Dismiss for Lack
9  of Subject Matter Jurisdiction (Doc. 7). Declarations in support of the Motion have also been
10 filed (Docs. 8 and 9). On September 16, 2015, Shosie filed a Motion to Response and
11 Motion for Leave to Amend Civil Complaint (Doc. 10).

13 II.     *Motion to Response and Motion for Leave to Amend Civil Complaint* (Doc. 10)
14     Although untimely, *see* LRCiv 12.1(b), LRCiv 56.1(d), the Court will accept Shosie's
15 filing as a Response/Objection to the Renewed Motion to Dismiss or, in the Alternative, a
16 Motion to Amended Complaint to State Claims against Federal Defendants.

17     As discussed *infra*, dismissal of the claims against federal defendants is appropriate.
18 In determining whether an amended pleading should be permitted, "[f]ive factors are
19 frequently used to assess the propriety of a motion for leave to amend: (1) bad faith, (2)
20 undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether
21 [Shosie] has previously amended [her] complaint." *Allen v. City of Beverly Hills*, 911 F.2d
22 367, 373 (9th Cir. 1990).

23     In this case, Shosie has not submitted a proposed Second Amended Complaint for the
24 Court's review. *See* LRCiv 15.1. Nonetheless, based on Shosie's filing, the Court does not
25 find Shosie is acting in bad faith or has acted with undue delay. However, the Court finds

---

[1] An action commenced in a state court may be removed if it is against or directed to the United States or its agencies. *Ely Valley Mines, Inc. v. Hartford Accident & Indem. Co.*, 644 F.2d 1310, 1315 (9th Cir. 1981).

1 allowing Shosie to file a Second Amended Complaint that includes claims against federal
2 defendants would prejudice federal defendants.  Moreover, Shosie's filing does not present
3 any valid arguments that the United States's statement of the law in its Motion to Dismiss
4 is incorrect or inapplicable; therefore, the Court finds permitting Shosie to file a Second
5 Amended Complaint to allege claims against federal defendants would be futile.[2]

III. *Subject Matter Jurisdiction*

This Court has subject matter jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." U.S.C. § 28-1331.  Additionally, this Court has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

The party invoking the jurisdiction of the federal court bears the burden of establishing that the court has the requisite subject matter jurisdiction to grant the relief requested. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citation omitted). A complaint will be dismissed if, looking at the complaint as a whole, it appears to lack federal jurisdiction either "facially" or "factually." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir.2004).  When a motion to dismiss is a factual attack on subject matter jurisdiction, no presumptive truthfulness attaches to a plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the existence of subject matter jurisdiction in fact. *Id.*  When a motion to dismiss attacks the allegations of the complaint as insufficient to confer subject matter jurisdiction, however, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996).  Similarly, when a motion to dismiss is brought under

---

[2]This Court's ruling as to the futility of a Second Amended Complaint is only as to federal defendants.

- 3 -

1  Fed.R.Civ.P. 12(b)(6), a court must accept as true all allegations of material fact in the
2  complaint and must construe these facts in the light most favorable to the plaintiff. *See*
3  *Williams v. Gerber Products, Co.*, 552 F.3d 934, 937 (9th Cir. 2008)

5  IV. *Motion to Dismiss for Lack of Subject Matter Jurisdiction*

6  Shosie alleges tort claims against the United States. Such claims must be brought
7  pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680.[3] Further,
8  a tort action against the United States, its agencies, or its employees acting within the scope
9  of their employment may only be brought against the United States in federal court. 28
10 U.S.C. § 1346(b)(1) ("the district courts . . . shall have exclusive jurisdiction of civil actions
11 on claims against the United States, for money damages, . . . for injury or loss of property,
12 or personal injury or death caused by the negligent or wrongful act or omission of any
13 employee of the Government while acting within the scope of his office or employment,
14 under circumstances where the United States, if a private person, would be liable to the
15 claimant in accordance with the law of the place where the act or omission occurred").

16 When an action is removed from state court by the United States pursuant to
17 §1442(a)(1), the jurisdiction of the district court is derivative of the state court's jurisdiction.
18 *In re Elko Cnty. Grand Jury*, 109 F.3d 554, 555 (9th Cir. 1997). The doctrine of "derivative
19 jurisdiction" provides that "a federal court [is] without jurisdiction over a suit removed to it
20 from state court if the state court from which it was removed lacked subject matter
21 jurisdiction, even though the federal court would have had jurisdiction had the suit been
22 brought their originally." *Beeman v. Olson*, 828 F.2d 620, 621 (9th Cir.1987); *see also*
23 *Lambert Run Coal Co. v. Baltimore & Ohio O.R. Co.*, 258 U.S. 377, 382 (1922) ("[t]he
24 jurisdiction of the federal court on removal is, in a limited sense, derivative jurisdiction. If
25 the state court lacks jurisdiction of the subject matter or the parties, the federal court acquires

---

[3]The only proper party defendant in an FTCA action is the United States. *Kennedy v. United States Postal Service*, 145 F.3d 1077, 1078 (9th Cir. 1998).

- 4 -

none"); *In re Elko Cnty. Grand Jury*, 109 F.3d at 555. In other words, if a state court lacks jurisdiction over claims, the district court to which the action is removed acquires no subject matter jurisdiction over those claims. *See e.g. Espinoza v. Moreno*, No. 1:08-CV-00931-OWW-SMS, 2009 WL 3211006 (E.D.Cal. Sept. 30, 2009).

In this case, the state court did not have subject matter jurisdiction over the tort claims against the United States. Because this Court acquires no more subject matter jurisdiction than the state court had, this Court does not have subject matter jurisdiction over the claims against the United States and the other federal defendants. Dismissal without prejudice of those claims is appropriate. *See e.g. Rice v. United States*, 2014 WL 6704577 (N.D.Ill. Nov. 26, 2014).[4]

V.   *State Law Claims*

The claims contained within Shosie's Amended Complaint are based on state law. In other words, these claims do not arise under the Constitution, laws, or treaties of the United States. This Court does not have subject matter jurisdiction based on a federal question over Shosie's state law claims. Additionally, the Amended Complaint does not allege the controversy is between citizens of different states, which would allow the Court to consider if it has subject matter jurisdiction based on diversity of citizenship. *See* U.S.C. § 28-1332. Lastly, because this case, after dismissal of the claims against the United States does not present original subject matter jurisdiction to this Court, it cannot be said that the state law claims against non-federal defendants are so related to federal claims in this action such that supplemental jurisdiction would be permitted. *See* 28 U.S.C. § 1367(a). The Court, therefore, finds it appropriate to remand the state law claims against the non-federal defendants to state court.

---

[4]Because the Court has determined it does not have subject matter jurisdiction of the claims against the United States based on the derivative jurisdiction doctrine, the Court declines to address the United States's additional argument that dismissal is appropriate because Shosie failed to exhaust her administrative remedies.

Accordingly, IT IS ORDERED:

(1) The Motion to Dismiss for Lack of Jurisdiction (Doc. 7) is GRANTED.

(2) Defendants U.S. Air Force, the Aeronautical System Center, Wright Patterson, and the United States and the claims against them are DISMISSED WITHOUT PREJUDICE.

(3) This matter is REMANDED to the Pima County Superior Court (Cause # C20151831) pursuant to 28 U.S.C. § 1447.

(4) The Clerk of Court shall mail a certified copy of this Order to the Clerk of the Pima County Superior Court.

(6) The Clerk of Court shall enter judgment and shall then close its file in this matter.

DATED this 23rd day of September, 2015.

_____
Cindy K. Jorgenson
United States District Judge